■ ROSE GLASS, Appellant, v. CITY OF BINGHAMTON, Respondent.—
Appeal by plaintiff from an order of the Supreme Court at Special Term entered in Broome County on April 25, 1957, which granted defendant's motion for judgment dismissing the complaint for failure to state a cause of action, and from the judgment entered thereon. Plaintiff is the owner of a parcel of real estate located in the city of Binghamton. Defendant desired to construct a sewer under her property. She signed an easement therefor without compensation. She now claims fraud, and her sole basis is that she learned, sometime after she executed the easement, that some property owners similarly situated received compensation from the defendant for similar easements. It is alleged that she was told that all other property owners were granting easements for the sewer without compensation. If this be fraud at all it is too remote to be compensable. Many property owners on the same street sell their property for different prices. Some owners regard a sewer easement as desirable; some regard it as undesirable. Some owners grant an easement without remuneration; some insist on compensation therefor. It is all a matter of individual judgment. There is nothing in this record to indicate that defendant misled plaintiff as to the nature of the easement, or of any direct fraudulent practice. Because someone insisted on compensation for a similar easement is of no concern except to the individual property owner. It does not mean that the plaintiff here was defrauded because some other owner insisted on and received compensation. To hold otherwise would establish a rule that if one owner agreed to sell his property for $5,000 and was told his neighbor sold similar property for $5,000 but actually received $10,000, that there could be an action for fraud against the person who made the misstatement. Such talk is common and is generally regarded as "sales talk." It is for each individual owner to decide

whether he desires to sell his property or not, or to grant an easement or not, and at what price or without any compensation. We see no actionable fraud in such a situation. We agree with the court below that the complaint should be dismissed upon broad grounds and not upon any technical failure to file a notice. Order and judgment unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.